ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (OATA-2025-013)

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>HÉCTOR DE HOYOS FERRER<br><br>Apelante | KLAN202400808 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.: BLA2023G0083 BLA2023G0084<br><br>Sobre: ART. 6.08 Y 6.22 LEY 168 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

*Grana Martínez, jueza ponente*

### SENTENCIA EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

La disyuntiva de determinar si un arma es un arma de fuego conforme al Artículo 6.08 de la Ley de Armas es una cuestión de hecho que corresponde al jurado.[2]

La Constitución de Puerto Rico dispone que, en todos los procesos criminales, el acusado gozará de la presunción de inocencia.[3] Eso impone la carga de probar la culpabilidad del acusado en el Estado. Para lograrlo, este deberá probar la culpabilidad del acusado más allá de duda razonable.[4] La prueba suficiente para derrotar la presunción de inocencia que cobija a un acusado permite hallar a un ciudadano culpable de la comisión de un delito al probar, más allá de duda razonable, todos los elementos del delito y la conexión del acusado con estos. *Pueblo v. Negrón Ramírez*, 213 DPR 895, 907 (2024); *Pueblo v. Toro Martínez*, 200 DPR 834, 856 (2018). Ahora bien, la prueba que se presente para lograrlo no implica la necesidad u obligación de probar la comisión del delito con certeza matemática. *Pueblo v.*

---

[1] Debido a que se modificó la integración del Panel.
[2] *Com. v. Sampson*, 383 Mass 750, 422 N.E. 2d 450 (1981).
[3] Art. II, Sec. 11, LPRA, Tomo 1.
[4] Véase regla 110 (f) de Evidencia. 32 LPRA Ap. VI.

*Negrón Ramírez,* supra, pág. 908*; Pueblo v. Toro Martínez*, supra; *Pueblo v. Bigio Pastrana,* 116 DPR 748, 761 (1985). Lo que se exige, como imperativo constitucional, es una prueba satisfactoria y suficiente en derecho [...] que produzca certeza o convicción moral en una conciencia exenta de preocupación o en un ánimo no prevenido. *Pueblo v. Negrón Ramírez,* supra; *Pueblo v. Toro Martínez,* supra, pág. 856.

En *Pueblo v. Colón González,* 209 DPR 967 (2022), el Tribunal Supremo mencionó los elementos del delito del Artículo 6.08 de la Ley de Armas, según expuestos en el Libro de Instrucciones al Jurado.[5] En lo pertinente a la controversia ante nuestra consideración, expresó citando al libro de instrucciones, que la Instrucción 13.9 Posesión de Armas de Fuego sin Licencia, establecía los elementos de este delito como, tener o poseer un arma de fuego sin tener licencia.[6]

Así las cosas, a manera de repaso, el jurado escuchó el testimonio del agente de la Policía Estatal, por 46 años y siete meses, Julio A. Colón. Este testificó, en lo pertinente que,[7] recibió una llamada de teléfono del agente, Carlos Rivera que le dio el nombre del apelante y que al verificar en el sistema surgió que no tenía licencia de armas, lo cual se plasmó en un documento que se identificó como Exhibit 1. En relación con el arma, explicó que con el número de serie del arma hizo una búsqueda en el Registro Electrónico de Armas, el cual no devolvió resultado alguno, lo que implicaba que el arma no estaba inscrita, o sea era ilegal. Ese ejercicio se plasmó en el Exhibit 2. De igual manera, testificó el agente de la policía con 14 años de servicio de nombre José Gabriel Espada Rivera.[8] El agente Espada Rivera, quien trabajaba en

---

[5] *In re Aprob. Libro Inst. Jurado,* 208 DPR 1042 (2022).
[6] Aunque el caso citado comprende hechos distintos a los que nos ocupan se trae a colación por el uso de la instrucción conteniendo los elementos del delito.
[7] Transcripción de la prueba Oral (TPO), página 17 a 23, líneas 2 y 4, 7.
[8] TPO, páginas 25-32.

servicios técnicos, estuvo en la casa el día de los hechos y como parte de sus funciones le tomó fotografías al arma de fuego. Estas fotos entraron en evidencia como el Exhibit 3A, 3B, 3C. Su testimonio también particularizó las miras nocturnas del arma incautada, la cual describió como dos ojitos pequeñitos, que brillan cuando el flash de la cámara le da. Describió el arma como un tipo pistola Smith & Wesson, con todas sus partes, color Negra, calibre 40, número de serie NE25047. Inclusive precisó que; "el magazín estaba dentro de la pistola y había una bala que estaba en la, en el cañón 9 lo que llamamos contralladera (sic) de la pistola, que, o sea como decimos por ahí estaba cargada el arma y ready para disparar". Así también Carlos Ramón Rivera Guzmán, agente de la policía desde hace 21 años, testificó que[9] fue el agente investigador, el primer agente en responder a la querella. Describió el arma como una pistola, color negra, marca Smith & Wesson, calibre punto 40. También manifestó que al momento de la ocupación estaba cargada y lista para disparar con una bala en la recámara. Expuso que hubo que descargarla. [10] Admitió que fue quien embaló y llevó el arma ocupada al cuarto de evidencia del distrito donde permaneció hasta que la llevó al cuarto de evidencia del CIC en la comandancia de Aibonito. Expresó que reconocía el arma porque fue quien la ocupó y que, al indagar sobre esta, el arma aparecía hurtada del estado de la Florida.[11]

La apreciación que hace un juzgador de la evidencia desfilada durante un juicio criminal y la eventual determinación de culpabilidad, son una cuestión mixta de hecho y de derecho que es revisable en apelación por un tribunal de mayor jerarquía. *Pueblo v. Negrón Ramírez,* supra, pág. 909*; Pueblo v. Cabán Torres,* 117 DPR 645, 653 (1986). La norma general es a mostrar deferencia a la apreciación de la prueba y las determinaciones de hechos que

---

[9] TPO, páginas 95-97.
[10] TPO, página 115.
[11] TPO, páginas 116-118, 128.

realiza el foro juzgador, y solo reconoce contadas excepciones en las que un tribunal apelativo podrá intervenir con estas y sustituir el criterio del foro primario por el suyo. *Pueblo v. Negrón Ramírez,* supra*; Pueblo v. Santiago*, 176 DPR 133, 148–149 (2009). Esto sucederá, como excepción, cuando el foro primario haya incurrido en pasión, prejuicio, parcialidad o error manifiesto en la apreciación de la prueba. *Pueblo v. Negrón Ramírez,* supra, pág. 912*; Pueblo v. Hernández Doble,* 210 DPR 850, 864 (2022).

Hemos revisado nuestra determinación sobre los elementos del delito tipificado en el Artículo 6.08 de la Ley de Armas, encontrando que el Estado logró establecer más allá de duda razonable los elementos del delito. Esto es la tenencia o posesión de un arma de fuego sin tener licencia para ello. La convicción puede sostenerse con evidencia indirecta o circunstancial, siempre y cuando la culpabilidad del acusado quede establecida fuera de duda razonable, cosa que aquí sucedió. Razón por la cual, reconsideramos nuestra sentencia del 6 de abril de 2026 y la modificamos para confirmar en su totalidad, la determinación del Tribunal de Primera Instancia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica su secretaria.

La Jueza Díaz Rivera disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones